IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARREN L. McCOY, *pro se*, | ) | |
| | ) | No.   11 C 7960 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| JOSEPH PULIA, et. al., | ) | |
| | ) | Magistrate Judge Finnegan |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND JURY DEMAND IN RESPONSE TO PLAINTIFF'S COMPLAINT**

Defendants[1], individual Chicago Police Officers Joseph Pulia, Patrick Grube, Rodrigo Corona, Vilma Argueta, Michael Alaniz, and Joseph Considine, by and through their attorney, Brian F. Kolp, Assistant Corporation Counsel for the City of Chicago, in response to Plaintiff's Complaint, submit their answer, affirmative defenses and jury demand, and in support thereof state the following:

**PREFATORY STATEMENT**

Defendants have attempted in good faith to address each and every allegation of Plaintiff's *pro se* complaint contained in Plaintiff's handwritten complaint form, and have incorporated numbered paragraphs for facilitating their answers to those allegations. Defendants have endeavored to set forth all of Plaintiff's assertions. However, due to the style of the complaint, it is impossible to assure that all allegations have, indeed, been addressed. For this reason, Defendants generally deny each and every allegation which may not be specifically addressed herein.

---

[1] As of the time of this filing, only 6 of the named defendants have been served through the Chicago Police Department Office of Legal Affairs. As such, this Answer is filed on behalf of only those officers.

1

## JURISDICTION AND VENUE[2]

1. Plaintiff's Complaint arises under the Civil Rights Act, 42 U.S.C. § 1983.

   **ANSWER**: Defendants admit that the allegations, as stated in Plaintiff's Complaint, put Defendants on notice of a claim arising under 42 U.S.C. § 1983.

2. This Court's jurisdiction is invoked pursuant to 28 U.SC. §§ 1331 and 1343(a)(4).

   **ANSWER**: Defendants admit the allegations in this paragraph.

3. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. 1391(b).

   **ANSWER**: Defendants admit the allegations contained in this paragraph.

## PARTIES

4. Plaintiff is DARREN MCCOY, #M-16665, Logan Correctional Center, P.O. Box 1000, Lincoln, IL 62656.

   **ANSWER**: Upon information and belief, Defendants admit the allegations contained in this paragraph.

5. C/o Joseph Pulia, Police Officer, Police Station 31 [sic] and Halsted.

   **ANSWER**: Defendants admit that Joseph Pulia is a Chicago Police Officer assigned to the 9th District, 3120 South Halsted Street, Chicago, Illinois 60609.

6. C/o Patrick Grube, Police Officer, Police Station.

   **ANSWER**: Defendants admit that Patrick Grube is a Chicago Police Officer assigned to the 9th District, 3120 South Halsted Street, Chicago, Illinois 60609.

7. C/o Rodrigo Corona, Police Officer, Police Officer.

   **ANSWER**: Defendants admit that Rodrigo Corona is a Chicago Police Officer assigned to the 9th District, 3120 South Halsted Street, Chicago, Illinois 60609.

8. C/o Vilma Argueta, Police Officer, Police Station 31 [sic] and Halsted.

   **ANSWER**: Defendants admit that Vilam Argueta is a Chicago Police Officer assigned to the 9th District, 3120 South Halsted Street, Chicago, Illinois 60609.

9. C/o Michael Alaniz.

---

[2] Defendants added paragraphs 2 and 3.

**ANSWER**: Defendants admit that Michael Alaniz is a Chicago Police Officer assigned to the 9th District, 3120 South Halsted Street, Chicago, Illinois 60609.

10. C/o Joseph Considine.

    **ANSWER**: Defendants admit that Joseph Considine is a Chicago Police Officer assigned to the 9th District, 3120 South Halsted Street, Chicago, Illinois 60609.

## FACTS

11. In [sic] or about on [sic] 8-6-2010 time 2:41 A.M. I was placed under arrest, and hand-cuffed.

    **ANSWER**: Defendants Pulia and Grube admit that Plaintiff was arrested at approximately 2:41am on August 6th, 2010. Upon information and belief, Defendants Corona, Argueta, Alaniz and Considine admit that Plaintiff was arrested at approximately 2:41am on August 6th, 2010.

12. This officer immediately started calling me all kind [sic] of names, such as nigger I'm gonna beat your black nigger ass boy.

    **ANSWER**: To the extent that Defendants Pulia and Grube assisted in the arrest of Plaintiff, said Defendants deny the allegations contained in this paragraph, and are without knowledge or information sufficient to form a belief as to the identity of 'this officer' or anything he or she may have said. To the extent that the allegations contained in this paragraph are directed at Defendants Corona, Argueta, Alaniz and Considine, said Defendants deny the same, and are without knowledge or information sufficient to form a belief as to the identity of 'this officer' or anything he or she may have said.

13. As other officer(s) [sic] came on the scene, they all started to kick, and stomped [sic] me over, and over.

    **ANSWER**: To the extent that Defendants Pulia and Grube assisted in the arrest of Plaintiff, said Defendants admit that reasonable force was used and was necessary in order to effect the arrest of Plaintiff, but deny that Plaintiff has accurately characterized the force said Defendants used, deny that they committed the wrongdoing complained of, and deny the remaining allegations contained in this paragraph. Furthermore, said Defendants are without knowledge or information sufficient to form a belief as to the identity of 'other officers' or anything they may have done. To the extent that allegations contained in this paragraph are directed at Defendants Corona, Argueta, Alaniz and Considine, said Defendants deny those allegations. Defendants Corona, Argueta, Alaniz and Considine are without knowledge or information sufficient to form a belief as to the identity of 'other officers' or anything they may have done.

14. I was hand cuffed.

**ANSWER**: To the extent that Defendants Pulia and Grube assisted in the arrest of Plaintiff, said Defendants admit that Plaintiff was handcuffed at the time of his arrest. Defendants Corona, Argueta, Alaniz and Considine are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Never did I cause, or at any time a treat [sic].

    **ANSWER**: Given that the allegations contained in this paragraph are vague and confusing, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. I was put in the back of a police-truck, then pulled out of this truck, some one [sic] had identified me, put back [sic] in this police truck, and this beating started all over again.

    **ANSWER**: Defendants deny that they participated in any 'beating' with respect to Plaintiff, deny that they committed any of the wrongdoing complained of, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

17. I can prove all of the above.

    **ANSWER**: To the extent the allegations contained in this paragraph are directed at them, Defendants deny the allegations contained in this paragraph.

18. I recall different officer(s) [sic] either hiting [sic] me, or both, [sic] hiting [sic] and calling me names such as niggers, black monkey and so force [sic].

    **ANSWER**: To the extent the allegations contained in this paragraph are directed at them, Defendants deny the allegations contained in this paragraph.

19. All of the names of the defendants, [sic] are the names that were given to me, [sic] as the police officer(s) [sic] who partisipated [sic] in this beating.

    **ANSWER**: To the extent the allegations contained in this paragraph are directed at them, Defendants deny the allegations contained in this paragraph.

20. I was taken to Marcy [sic] hospital.

    **ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. I had to receive stiches [sic] in my right upper eye.

    **ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4

22. I now have very bad headaches, I've now [sic] problems with my vision.

   **ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. I've also, [sic] now problems [sic] with my back.

   **ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. All of these problems I have never had before [sic].

   **ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. All defendants partisipated [sic] in this situation.

   **ANSWER**: Defendants deny the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

## QUALIFIED IMMUNITY

Defendants are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed their actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants, therefore, are entitled to qualified immunity.

## STATUTE OF LIMITATIONS

The statute of limitations for state law claims against a municipality or its employees is one year. 745 ILCS 10/8-101. Plaintiff's Complaint alleges that the incident that gave rise to his claims against Defendants occurred on August 6th, 2010. Therefore, because Plaintiff filed his Complaint on November 8th, 2011, any and all potential state law claims Plaintiff may seek to

bring against Defendants should be dismissed as beyond the statute of limitations.

## ALTERNATIVE DEFENSES

In the event the Court disagrees with Defendants' statute of limitations defense, Defendants state the following affirmative defenses:

1. Defendants were working as police officers at the time of this incident. Therefore, as to any possible state law claims Plaintiff may seek to bring against Defendants under the Illinois Tort Immunity Act, Defendants are not liable pursuant to this Act because:

    a. A public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

    b. A public employee, as such and acting within the scope of his or her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

2. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in

this cause. At the time of the actions alleged in Plaintiff's complaint, 735 ILCS 5/2-1116 was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when the Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## JURY DEMAND

Defendants respectfully demand a trial by jury for all issues so triable.

WHEREFORE, Defendants request judgment in their favor and against Plaintiff on all counts and claims in the complaint, dismissal of the case with prejudice and costs, and such other relief as this court deems appropriate and just.

Respectfully submitted,

By: /s/ *Brian F. Kolp*
BRIAN F. KOLP
Assistant Corporation Counsel
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
312.744.5890 (P)
312.744.6566 (F)
Atty. No.: 6301807